NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CESAR R. VAZQUEZ TORRES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1165

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00085-SSS, Judge Stephen S. Schwartz.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to this court's December 18, 2023 order to show cause, the United States urges dismissal of this appeal. Cesar R. Vazquez Torres opposes dismissal.

Mr. Vazquez Torres filed a complaint at the United States Court of Federal Claims, challenging decisions of the Army Board for Correction of Military Records and the Army Discharge Review Board. On October 17, 2023, the trial court affirmed the denial of disability retirement

benefits but also ordered additional briefing on Mr. Vazquez Torres's requests for back pay and a promotion. Mr. Vazquez Torres then filed a motion to "transfer" to this court, which was construed as a motion for certification of an interlocutory appeal and denied by the trial court on October 23, 2023. The next day, Mr. Vazquez Torres filed a motion to "find the back pay and rank upgrade portion of this case as moot," for entry of final judgment, and to "transfer" to this court. ECF No. 9 at 26–27. Before the trial court could address Mr. Vazquez Torres's motion, he filed a notice of appeal from the October 17, 2023 order. In light of the notice of appeal, the trial court stayed proceedings.

This court's jurisdiction over an appeal from the Court of Federal Claims generally is limited to an appeal "from a final decision." 28 U.S.C. § 1295(a)(3). A "final" decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The October 17, 2023 order is not a final decision because it did not resolve the issues of backpay and promotion. Nor do the general exceptions to the final judgment rule apply here. In particular, the trial court did not certify the order for interlocutory appeal under 28 U.S.C. § 1292(d)(2) or enter a Rule 54(b) certification, which permits the court to enter final judgment as to fewer than all claims. RCFC 54(b).*

---

\* To the extent Mr. Vazquez Torres's pending motion can be understood as a request to voluntarily dismiss his requests for back pay and a promotion, that request has not yet been approved by the trial court. Without such approval, there is no final appealable order in this case. *See United Access Techs., LLC v. AT&T Corp.*, Nos. 2021-2002, 2021-2007, 2022 WL 1124961, at *3 (Fed. Cir. Apr. 15, 2022) (citing *Robinson-Reeder v. Am. Council on Educ.*, 571

VAZQUEZ TORRES v. US                                                3

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed

(2)  Each party shall bear their own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 28, 2024
Date

---

F.3d 1333, 1339–40 (D.C. Cir. 2009)).  We expect the trial court will promptly act on Mr. Vazquez Torres's pending motion.